No. 9134.
Orleans

-------

PEARCE FILMS, INC., v. J. H. DUMAINE, Appellant.

-------

(January 18, 1926, Opinion and Decree.)
(February 15, 1926.   Rehearing Refused.)

*(Syllabus by the Court.)*

1.  Louisiana Digest—Evidence—Par. 351.
In case of conflict between the testimony of plaintiff and of defendant, the Court will be governed by the preponderance of the testimony.

Appeal from Civil District Court, Hon. Mark M. Boatner, Judge.

This is a suit upon an open account. There was judgment for plaintiff and defendant appealed.   Judgment amended and affirmed.

St. Clair Adams and Francis P. Burns of New Orleans, attorneys for plaintiff, appellee.

M. C. Scharff and Jos. Lautenschlaeger of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.  This is a suit upon an open account.

The plaintiffs alleged that they purchased the accounts of Pearce Films against the defendant J. A. Dumaine by Act of March 14, 1921; that between October 13, 1919, and March 7, 1921, they rented to the defendant films for Mars theatre

to the amount of _____$1,291.50
subject to a credit of_____ 946.29
                                      -------
leaving a balance due of_____$ 345.21

as the whole appears by itemized statements annexed to the petition; that they frequently presented the account herein sued on to the defendant, who acknowledged its correctness and paid sums on account.

Defendant admitted that he operated the Mars theatre, but that the rentals charged to him are incorrect and have been overcharged in the following instances:

The serial Vengeance, $5.35, instead of $5.25; Confession, $81.38, instead of $50; Devil's Angel and Woman Under Oath, charged twice; all overcharges amounting to $94.85; that he has not been given the proper credits; that he paid by checks, $1,017.36; that he is entitled to credits for returns up to $120.21 and further credit of $57.11 for Vengeance $10, Husband and Wives and "Adele" not received at his theatre, and a further credit of $34.58 for Home Without Children; that he employed A. J. Derbes, a public accountant, to examine the said accounts sued on, whose report shows that defendant is indebted to plaintiff only in the amount of $1.97; defendant further denied that he ever acknowledged the correctness of plaintiff's account.

There was judgment for plaintiff and defendant has appealed.

Although it is true that the report of the accountant employed by the defendant finds defendant indebted unto plaintiff only in the amount of $1.97, the defendant admits owing the plaintiff $134.65. This is an admission that the accountant's report is not reliable.

Hilton J. Herman was employed by the plaintiff; his principal duty was that of managing the film business, selling and booking films; the items on the statements are correct to his personal knowledge; the charges are $1,291.50, and the credits $946.29; he explains the charges of the different films mentioned in defendant's

answer the Vengeance and others; duns were sent to him weekly and accounts monthly, and he never contested the correctness of any one until after suit was filed against him.

L. V. Schexnayder was also employed by the plaintiffs since February, 1920, as booking clerk; he assisted Mr. Herman, the entries in the booking record from February 11, 1920, to date March, 1921, were made by him; he explains away the complaint about the Husband and Wife and other films.

The statement referred to by defendant was made by Louis H. Pilie; he is not a certified accountant; he is employed by A. J. Derbes, who is himself a certified public accountant; he made his audit from "a statement purporting to come from Pearce Films, Inc., and also checks which were purported to be paid to the Pearce Company," all furnished him by defendant.

Arthur Dumaine, the defendant, testified that he received statements "sometimes once a month and sometimes twice a month"; he received a letter from Mr. Herman dated December 24, 1919, and several other letters; he did not answer them; "he rang me up and I told him I had all my checks to show that I paid my bills and I didn't owe him anything."

Cyril Dumaine testified that "Husband and Wives" were never played at the Mars and Poland theatres and Adele was cancelled out.

This testimony is not contradicted. The defendant is entitled to those items to a credit of $39.50.

With the exception of these items we are of the opinion that the preponderance of the testimony is in favor of plaintiff and that there is no other error in the judgment appealed from.

It is therefore ordered that the judgment appealed from be reduced from three hundred and forty-five 21-100 dollars to three hundred and five 71-100 dollars, and as thus amended that it be affirmed, defendant to pay costs of appeal.

Judgment amended and affirmed.